UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| APACHE CORPORATION | CIVIL ACTION NO. 6:16-cv-00111 |
| VS. | JUDGE: ROBERT G. JAMES |
| BELLE ISLE, L.L.C. | MAGISTRATE: C. WHITEHURST |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY

Defendant, Belle Isle, L.L.C. ("Belle Isle"), respectfully requests that the Court dismiss the Complaint for Declaratory Judgment filed by Apache Corporation ("Apache") pursuant to Federal Rule of Civil Procedure 12(b)(1). Apache's Complaint is deficient on its face because Apache has failed to allege Belle Isle is a citizen of Louisiana. Moreover, even if the Complaint were facially sufficient, this Court does not have subject matter jurisdiction over this dispute because both Belle Isle and Apache are citizens of Texas, and thus complete diversity does not exist. In the alternative, Belle Isle further submits that, if this Court has jurisdiction over this dispute, it should abstain from exercising that jurisdiction pursuant to the *Brillhart-Wilton* abstention doctrine.[1] Accordingly, Belle Isle requests this Court dismiss Apache's Complaint or, alternatively, stay the Complaint pending resolution of parallel state court proceedings.

### I.   Facts

Belle Isle filed suit against Apache on May 4, 2010, in the 16th Judicial District Court for the Parish of St. Mary, Louisiana (hereinafter "Original Suit"), seeking environmental remediation and cleanup of Belle Isle's property in the Belle Isle Oil and Gas Field in St. Mary Parish

---

[1] *See Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214 (1995).

("Property"). On February 14, 2013, Belle Isle and Apache entered into a valid and enforceable agreement ("Agreement") to resolve the Original Suit. Pursuant to the Agreement, Apache obligated itself to perform, or cause to be performed, (1) remediation of the environmentally damaged areas of Belle Isle's Property, (2) removal of specified oil field equipment and debris from the Property, and (3) the plugging and abandonment of wells, including the removal of associated oil field equipment and debris on the Property.

Pursuant to the Agreement, many of Apache's obligations on the Property had to be performed by December 31, 2013. Despite repeated requests by Belle Isle for Apache to perform its obligations, Apache did not meet the deadline. Belle Isle has gone to great lengths to afford Apache the opportunity to fulfill its obligations. Apache has failed, however, to complete the work it obligated itself to do.

In accordance with the terms of the Agreement, Belle Isle and Apache attempted to resolve Apache's failures at a mediation held on January 25, 2016. The mediation was unsuccessful and Belle Isle filed its Petition for Injunctive Relief and Damages in the 16th Judicial District Court for the Parish of St. Mary, Louisiana, Docket No. 129326, Division "H," on January 25, 2016 ("State Court Action").[2] Apache then filed its Complaint for Declaratory Judgment in this Court.

## II. Law and Argument

### A. This Court lacks subject matter jurisdiction because complete diversity does not exist between the parties.

"The plaintiff has the burden of pleading the existence of the court's jurisdiction, and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed."[3] If the plaintiff fails to adequately allege the basis for diversity

---

[2] *See* Exhibit A, *Belle Isle, L.L.C. v. Apache Corporation*, No. 129326, 16th Judicial District Court for the Parish of St. Mary, State of Louisiana. Division "H" ("State Court Action").
[3] *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000).

2

jurisdiction, the suit should be dismissed.[4] Thus, for this Court to have subject matter jurisdiction over this controversy, Apache has the burden of establishing that Belle Isle is a citizen of a state other than Texas or Delaware, as those are the states in which Apache claims citizenship. Apache's Complaint fails on its face to properly allege complete diversity. Moreover, even if Apache could amend its Complaint to cure this defect, complete diversity **does not exist** because both parties are citizens of Texas. Because Apache has not established and cannot establish complete diversity of citizenship, its Declaratory Judgment action should be dismissed.

> **1. Apache's Complaint Fails to Sufficiently Assert Complete Diversity of Citizenship on its Face.**

Federal district courts have original diversity jurisdiction over all civil actions when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.[5] Diversity jurisdiction requires pleading and proof of two points: (1) whether there is complete diversity of citizenship between the plaintiffs and every defendant and (2) whether the amount in controversy exceeds $75,000.[6] Complete diversity of citizenship exists when no defendant holds citizenship in the same state where any plaintiff holds citizenship.[7] The district court must dismiss a case if it determines that it lacks subject matter jurisdiction.[8]

Generally, for the purposes of diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of all of its members.[9] Citizenship of a natural person "is based on

---

[4] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).
[5] *See* 28 U.S.C. § 1332(a).
[6] *See Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003).
[7] *See Mas v. Perry*, 489 F.2d 1396, 1398 (5th Cir. 1974).
[8] Fed. R. Civ. Proc. 12(h)(3).
[9] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see also Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 767 (5th Cir. 2015) ("[w]hen one of the parties is an LLC, its citizenship is determined by the citizenship of all of its members.").

domicile, i.e. where an individual resides and intends to remain."[10] A corporation, like Apache, is deemed to be a citizen of the state in which it is incorporated and of the state where it has its principal place of business.[11] Apache is a citizen of Delaware, the state in which it is incorporated, and Texas, the state in which it has its principal place of business.[12]

Apache has failed properly to allege complete diversity in its Complaint. As the plaintiff in this declaratory judgment action, Apache has the burden of establishing subject matter jurisdiction.[13] It is not the responsibility of the challenging defendants to prove otherwise.[14] When considering a motion to dismiss under Rule 12(b)(1), the court distinguishes between a "facial attack" and a "factual attack."[15] Apache's Complaint fails on its face and on the facts.

Apache's Complaint is deficient on its face because Apache has failed to properly allege diversity jurisdiction when it fails to allege the state citizenship of Belle Isle. Chet Morrison is the sole member of Belle Isle. Accordingly, Apache can only establish complete diversity of citizenship by alleging in good faith (and ultimately proving) that Chet Morrison is a **citizen** of Louisiana (or any state other than Delaware and Texas). Apache has not made this allegation and cannot in good faith make that allegation. Rather, Apache has alleged that Chet Morrison is a Louisiana *resident*.[16] "It is established that an allegation of residency does not satisfy the requirement of an allegation of citizenship."[17] Apache's Complaint contains no allegations regarding the **citizenship** of Chet Morrison, the sole member of Belle Isle, and thus, Apache has

---

[10] *Alphonse*, 618 F.App'x at 767-68 (citing *Acridge v. Evangelical Lutheran Good Samaritan Soc'y,* 334 F.3d 444, 448 (5th Cir.2003)).
[11] 28 U.S.C. § 1332(c)(1).
[12] *See* Complaint, ¶ 2.
[13] *See St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998).
[14] *See Tetco Metal Prods., Inc. v. Langham*, 387 F.2d 721, 723 (5th Cir. 1968).
[15] *See Occidental Chem. Corp. v. La. Pub. Serv. Comm'n*, 494 F. Supp. 2d 401, 405 (M.D. La. 2007).
[16] *See* Complaint, at ¶3.
[17] *See Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (holding that because the complaint alleged residency rather than citizenship, "[the plaintiff] did not carry his burden of pleading diverse citizenship.").

failed to establish diversity jurisdiction in this Court. Therefore, this Court should grant Belle Isle's Motion to Dismiss and dismiss Apache's Complaint.

### 2. Even if Apache's Complaint were facially sufficient, Apache cannot establish that complete diversity exists between the parties because both parties are citizens of Texas.

The Fifth Circuit has recognized that an individual's "[c]itizenship is based on domicile, i.e., where an individual resides and intends to remain."[18] Apache alleged in its Complaint that Chet Morrison, Belle Isle's sole member, is a Louisiana resident.[19] Aside from the fact that this statement is deficient on its face, it is also simply wrong.[20] Although normally this Court would consider only the pleadings in determining a Rule 12(b) motion to dismiss, if the defendant "makes a 'factual attack' upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials" to support its contention.[21] Belle Isle submits the Affidavit of Chester F. Morrison, Jr. demonstrating that Mr. Morrison is a citizen of Texas (just like Apache) and that complete diversity does not exist in this case.[22] Therefore, there is no federal subject matter jurisdiction over this case.

Mr. Morrison is a citizen of Houston, Texas, where he has owned his home and resided for approximately one year.[23] Mr. Morrison's personal vehicle is registered in Texas, and as of January 25, 2016, he intends to obtain his Texas driver's license and voter registration by the end of February 2016.[24] Moreover, Mr. Morrison's office and businesses are located in Texas and he paid Texas property taxes in 2015.[25] Mr. Morrison's actions establish that he intends to remain in

---

[18] *See Alphonse*, 618 F.App'x at 767-68.
[19] *See* Complaint, at ¶ 3.
[20] *See* Exhibit B, Affidavit of Chester F. Morrison, Jr.
[21] *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).
[22] *See* Exhibit B, Affidavit of Chester F. Morrison, Jr.
[23] *See id.*, ¶ 3.
[24] *See id.*, ¶¶ 4, 8.
[25] *See id.*, ¶¶ 6, 7.

Texas indefinitely, and his attached Affidavit specifically states his intent to remain in Texas.[26] Apache has the burden of establishing complete diversity exists to support its Complaint, which it cannot do. Accordingly, Apache's Complaint should be dismissed for lack of subject matter jurisdiction.

## B. This Court should abstain from exercising jurisdiction over Apache's Complaint pursuant to the *Brillhart-Wilton* abstention doctrine.

This Court does not have subject matter jurisdiction over Apache's Complaint; but even assuming <u>arguendo</u> that it did have jurisdiction, this Honorable Court should abstain from exercising that jurisdiction pursuant to the *Brillhart-Wilton* abstention doctrine. The *Brillhart-Wilton* doctrine provides that district courts should abstain from exercising jurisdiction over a declaratory judgment action in where, as here, another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties.[27] Apache's Complaint seeks a declaratory judgment pursuant to 28 U.S.C. §2201, and Belle Isle filed a Petition against Apache to enforce Agreement state court in St. Mary Parish.[28]

In *Brillhart v. Excess Ins. Co. of America*,[29] the United States Supreme Court held that even when a suit seeking a declaratory judgment would otherwise satisfy subject matter jurisdiction, federal courts are "under no compulsion to exercise that jurisdiction."[30] Specifically, "it would be ***uneconomical*** as well as ***vexatious*** for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the ***same*** issues, not governed by federal law, between the same parties."[31] In accordance with these principles, "[g]ratuitous interference

---

[26] *See id.*
[27] *See Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948 (5th Cir. 1994).
[28] *See* Complaint, at ¶ 4.
[29] 316 U.S. 491 (1942).
[30] *Id.* at 494.
[31] *Id.* at 495 (emphasis added).

6

with the orderly and comprehensive disposition of a state court litigation should be avoided."[32] Courts presented with a suit under the Declaratory Judgment Act "should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, **can be better settled in the proceedings pending in the state court**."[33]

The Supreme Court later confirmed in *Wilton v. Seven Falls Company*[34] that *Brillhart* — rather than the "exceptional circumstances" test developed in *Colorado River Water Conservation District v. United States*[35] — applied to declaratory judgment actions. In *Wilton*, the Court stated that "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction **yields to considerations of practicality and wise judicial administration.**"[36]

There are three primary aspects of the analysis of whether to accept or decline jurisdiction over a declaratory judgment suit: (1) the proper allocation of decision-making between state and federal courts; (2) fairness; and (3) efficiency.[37] To that end, the Fifth Circuit has identified the following seven non-exclusive factors encompassed within those three inquiries that a court should consider in determining whether the *Brillhart-Wilton* abstention doctrine should apply:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

---

[32] *Id.* (emphasis added).
[33] *Id.* (emphasis added); *see also Wilton*, 515 U.S. at 282 (discussing the *Brillhart* standard); *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003). In *Brillhart*, the Court noted that other cases may reveal relevant factors for courts to consider when determining whether to exercise discretion.
[34] 515 U.S. 277.
[35] 424 U.S. 800, 96 S. Ct. 1236 (1976).
[36] *Wilton*, 515 U.S. at 288.
[37] *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 388 (5th Cir. 2003) (citing *St. Paul v. Trejo*, 39 F.3d 585 (5th Cir. 1994)).

7

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[38]

All of the relevant factors above weigh in favor of abstention in this case.

### 1. All of the matters raised in Apache's Complaint can be fully and finally decided in the State Court Action.

First, there is a pending state action filed on the same day in which all of the matters in controversy may be fully litigated. After the failed mediation, Belle Isle filed the State Court Action in the same court in which the Original Suit was filed and from which the Agreement stems – the 16th Judicial District Court for the Parish of St. Mary.[39] "If the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit."[40] Further, when there is a pending state suit, which raises the same issues as a federal declaratory judgment action, the **central question** for a district court under *Brillhart* and *Wilton* is whether the controversy is better decided in state or federal court.[41]

All of the matters presented by Apache's Complaint can be fully litigated in the State Court Action. Indeed, the state court is in a better position to handle those issues as it already adjudicated

---

[38] *Id.*
[39] *See* Exhibit A, State Court Action.
[40] *Id.* at 390-91.
[41] *Id.* at 392.

8

the Original Suit, and the Agreement stems from the Original Suit. This factor weighs heavily in favor of abstention.

### 2. Apache engaged in forum shopping.

The forum shopping factor weighs in favor of dismissal as well. Apache engaged in forum shopping by filing suit in this federal Court instead of the 16th Judicial District Court, where the property at issue in this dispute is located and where the Original Suit was filed. Apache filed suit in this Court despite the fact that it knew Belle Isle would be filing suit to enforce the Agreement in the appropriate state court. All of the actions in the dispute between these two parties have taken place in state court, thus there is no reason Belle Isle would not file suit to enforce the Agreement in state court.

### 3. Allowing this Declaratory Judgment Action would not be judicially efficient.

Third, retaining the lawsuit would **not** serve the purposes of judicial economy. A parallel State Court Action is pending wherein all of the parties' disputes can be resolved. The Fifth Circuit has counseled that a "federal court should avoid duplicative or piecemeal litigation where possible."[42] Duplicative litigation also raises concerns "because of the potential for inconsistent state and federal court judgments."[43] Here, the potential for inconsistent state and federal court judgments weighs in favor of dismissing Apache's Complaint.

### III. Conclusion

Apache's Complaint should be dismissed because (1) Apache has failed to sufficiently allege Belle Isle's citizenship; (2) this Court does not have subject matter jurisdiction because Belle Isle and Apache are both citizens of the state of Texas, and thus complete diversity does not

---

[42] *Id.* at 391.
[43] *Id.*

9

exist; and (3) even if this Court has jurisdiction, it should abstain from exercising that jurisdiction pursuant to the *Brillhart-Wilton* abstention doctrine.

Belle Isle respectfully requests that this Court dismiss Apache's Complaint for Declaratory Judgment. Alternatively, should this Court determine that it has jurisdiction over this matter — which Belle Isle contests — Belle Isle requests this Court stay this case pursuant to the *Brillhart-Wilton* abstention doctrine pending resolution of the parallel state court proceedings.

Respectfully submitted,

*/s/ James M. Garner*
_____
JAMES M. GARNER #19589
MARTHA Y. CURTIS #20446
THOMAS J. MADIGAN, II #28132
EMILY E. ROSS #34739
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Twenty-Eighth Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100

-and-

GLADSTONE N. JONES #22221
KEVIN E. HUDDELL #26930
EBERHARD D. GARRISON #26795
H.S.BARTLETT, III #26795
JOHN T. ARNOLD #31601
ROSE MURRAY #34690
**JONES, SWANSON, HUDDELL & GARRISON, L.L.C.**
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2509
**Attorneys for Plaintiff, Belle Isle, L.L.C.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2016, I electronically filed the foregoing Memorandum in Support of Motion to Dismiss or, Alternatively, to Stay with the clerk of the United States District Court for the Western District of Louisiana, using the CM/ECF system, which will automatically send a notice of electronic filing to all counsel of record.

*/s/ James M. Garner*

JAMES M. GARNER