# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **APACHE CORP.** | * | **CIVIL NO. 6:16-0111** |
| **VERSUS** | * | **JUDGE JAMES** |
| **BELLE ISLE, L.L.C.** | * | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Currently pending before me for Report and Recommendation is the Motion to Dismiss or, in the Alternative, to Stay filed by defendant, Belle Isle, L.L.C. ("Belle Isle"), on February 17, 2016. [rec. doc. 5], and the Motion to Dismiss Amended Complaint filed by Belle Isle on April 11, 2016 [rec. doc. 23].

Plaintiff, Apache Corp. ("Apache"), filed opposition to the Motion to Dismiss [rec. doc. 5] on March 9, 2016. [rec. doc. 10]. On March 22, 2016, Belle Isle filed a reply. [rec. doc. 20].

On March 18, 2016, Apache filed an Amended Complaint for Declaratory Judgment. [rec. doc. 18].

On March 22, 2016, the undersigned granted Apache's Motion for Leave to Conduct Jurisdictional Discovery [rec. doc. 11], allowing Apache to conduct discovery limited to the factors relevant to the citizenship of Belle Isle's sole member, Chester Morrison ("Morrison"), and permitting the parties to file supplemental

briefing.  [rec. doc. 21].  On April 11, 2016, Belle Isle filed a Motion to Dismiss Amended Complaint.  [rec. doc. 23].  On April 26, 2016, the undersigned extended the deadline for conducting jurisdictional discovery.  [rec. doc. 28].

On May 18, 2016, Apache filed a Supplemental Memorandum in Opposition to the Motion to Dismiss.  [rec. doc. 43].  Belle Isle filed a Supplemental Reply to Apache's Supplemental Memorandum in Opposition to Motion to Dismiss on May 25, 2016.  [rec. doc. 44].  Oral argument was held on June 15, 2016, after which the undersigned took the motions under advisement.

For the following reasons, the undersigned recommends that Belle Isle's Motions to Dismiss [rec. docs. 5, 23] be **GRANTED**.

## I. Background

Apache filed suit in this Court seeking a declaratory judgment that Apache had not breached a settlement agreement entered into with Belle Isle regarding Belle Isle's property in St. Mary Parish, Louisiana.  Belle Isle seeks to dismiss this lawsuit on the grounds that this Court lacks diversity jurisdiction.

Originally, Belle Isle filed suit against Apache on May 4, 2010, in the 16th Judicial District Court ("JDC"), Parish of St. Mary, State of Louisiana, seeking environmental remediation and cleanup of Belle Isle's property in the Belle Isle Oil and Gas Field in St. Mary Parish (the "Original Suit").  Belle Isle and Apache

2

entered into a settlement agreement on February 14, 2013, to resolve the Original

Suit.  After a dispute arose regarding enforcement of the settlement agreement,

Belle Isle filed a Petition for Injunctive Relief and Damages in the 16th JDC on

January 25, 2016.

On January 25, 2016, Apache filed a Complaint for Declaratory Judgment

with this Court seeking a declaration that it had not breached the settlement

agreement.  Apache asserted diversity jurisdiction pursuant to 28 U.S.C. §

1332(a).

Apache is a Delaware corporation with its principal place of business in

Texas.  [Complaint, ¶ 2].  Belle Isle is a Louisiana limited liability company whose

sole member is Morrison.  Belle Isle asserts that Morrison is a Texas resident,

while Apache contends he is a Louisiana resident.

On February 5, 2016, Belle Isle filed a Motion to Dismiss or, in the

Alternative, to Stay, based on the fact that this Court lacks diversity jurisdiction

because both Belle Isle and Apache are citizens of Texas.  Alternatively, Belle Isle

asserts that if this Court does have jurisdiction, then it should abstain from

exercising it pursuant to the *Brillhart-Wilton* abstention doctrine.[1]  Belle Isle filed

---

[1]  *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214 (1995) ("a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close."). Because the undersigned recommends that this case be dismissed for lack of

a Motion to Dismiss Amended Complaint on April 11, 2016.  [rec. doc. 23]

## II. Legal Standard And Analysis

## A. Motion to Dismiss Under Rule 12(b)(1)

Diversity jurisdiction requires (1) complete diversity of the parties and (2) an amount-in-controversy that exceeds $75,000.  28 U.S.C. § 1332(a); *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003).  Complete diversity of parties exists when no party on one side is a citizen of the same State as any party on the other side.  *Mas v. Perry*, 489 F.2d 1396, 1398-99 (5th Cir.1974)

When prosecuting a suit in federal court, "[t]he plaintiff has the burden of pleading the existence of the court's jurisdiction, and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998) (declaratory judgment action).  If the diversity jurisdiction is properly challenged, that party also bears the burden of proof.  *Mas*, 489 F.2d at 1399 (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).  Failure adequately to allege the basis for diversity jurisdiction mandates dismissal.  *Stafford v. Mobil Oil Corp*., 945 F.2d 803,

---

jurisdiction, it is unnecessary to consider the alternative argument.

804-05 (5th Cir. 1991).

## B. Jurisdictional Analysis

Belle Isle argues that because complete diversity does not exist between the parties, this lawsuit should be dismissed. Apache opposes on the grounds that the parties are diverse; thus, this Court has jurisdiction. In support of their arguments, the parties have submitted affidavits, responses to discovery requests, and other documents.

In instances where a defendant initiates the court's jurisdictional review, courts must distinguish between "facial" and "factual" attacks. *Sandoz v. Cingular Wireless LLC*, 108 F.Supp.3d 446, 452 (W.D. La. 2015) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). If the defense merely files a Rule 12(b)(1) motion, the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true. *Paterson*, 644 F.2d at 523. If those jurisdictional allegations are sufficient the complaint stands. *Id*.

However, if a defendant makes a "factual attack" upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials. *Id*. In the latter case, a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving *by a*

*preponderance of the evidence* that the trial court does have subject matter jurisdiction.  (emphasis added).  *Id*.  That is the case here.

The parties disagree as to whether diversity jurisdiction exists.  Section 1332(c)(1) deems a corporation a citizen of every State in which it is incorporated and where it has its principal place of business.  28 U.S.C. § 1332(c)(1); *Vantage Drilling v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014).  Apache is a Delaware corporation with its principal place of business in Texas.  Thus, Apache is a citizen of Delaware and Texas.

 The citizenship of an LLC is determined by the citizenship of all of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  Belle Isle's sole member is Morrison, whom Belle Isle asserts is a resident of Texas.  Apache argues that Morrison is actually a resident of Louisiana.

Citizenship is based on domicile, *i.e.*, where an individual resides and intends to remain.  *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F.App'x 765, 767 (5th Cir. 2015) (*citing Acridge v. Evangelical Lutheran Good Samaritan Soc*., 334 F.3d 444, 448 (5th Cir. 2003)).  When a person relocates, "there is a presumption of continuing domicile." *Galladora v. Waffle House, Inc*., 2016 WL 3136229, at *2 (E.D. La. June 6, 2016) (*citing Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996)).  To defeat this presumption, the proponent of a change in domicile must

6

demonstrate both "(1) physical presence at the new location, and (2) an intention to remain there indefinitely." *Id*. (*citing Coury*, 85 F.3d at 250).  However, "there is no durational residency requirement," and domicile is established "once presence in the new state and intent to remain are met." *Id*. (*citing Acridge*, 334 F.3d at 448).

In determining intent, "[n]o single factor is determinative," and "the court should look to all evidence shedding light on the litigant's intention to establish domicile," including "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has a driver's or other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id*. (*citing Coury*, 85 F.3d at 251).

In support of its argument that Morrison is a Texas citizen, Belle Isle submitted Morrison's Affidavit.  In the Affidavit, Morrison states that he currently resides at 335 Terrace Dr., Houston, Texas, 77007, and that he purchased this home on February 23, 2015.  [rec. doc. 44, Exhibit B, Affidavit of Chester F. Morrison, Jr. ("Morrison Affidavit"), ¶ 3].  Significantly, he further indicates that he "intend[s] to remain in Texas indefinitely."  [Morrison Affidavit, ¶ 8].

Additionally, Morrison states that he has resided at his home in Houston,

Texas for over a year; he has purchased Texas homeowners and umbrella insurance policies; his personal car is taxed titled, registered, and insured in Texas; works at offices and businesses located in Houston, Texas; he has paid property taxes and motor vehicle taxes for 2015 in Texas, and is a member of the Houstonian Hotel Club and Spa in Houston, Texas.  [Morrison Affidavit, ¶¶ 3, 4, 6, 7; rec. doc. 43, Exhibit A, Answer to Interrogatory No. 11].  Further, he indicates that he was scheduled to obtain a Texas drivers license and Texas voter's registration by the end of February 2016.  [Morrison Affidavit, ¶ 8].[2]

In response, Apache argues that Morrison is still a citizen of Louisiana for diversity jurisdiction purposes, because he claimed a homestead exemption on property located in Terrebonne Parish, Louisiana.  [rec. doc. 43, Exhibit C, Declaration of Angela Benedict ("Benedict Decl."), ¶ 7, and Exhibit 1].  However, according to Benedict, Morrison's homestead exception was claimed on his 2015 taxes, which would indicate it was for the 2014 calendar year.  Id.  Morrison's Affidavit indicates that he has resided in Texas since 2015, and has paid property taxes for 2015.  Thus, this factor is not dispositive of the domicile issue.

---

[2]  Belle Isle asserts that Morrison, consistent with his stated intent, obtained a Texas Driver's License.  Belle Isle has not submitted any proof to support this assertion and admitted, during oral argument, that such evidence would be in violation of the parties' joint stipulation regarding jurisdictional discovery.  As such, this Court will not consider any evidence regarding Morrison's Texas Driver's license, other than Morrison's sworn affidavit stating his intent to obtain one.

Additionally, Apache contends that Morrison is still listed as the agent for service of process for four of his companies in Louisiana, which indicates his intent to remain in Louisiana.  [rec. doc. 43, Exhibit D, Louisiana Secretary of State's Certificates of Information].  However, he does not reside at the address used for his Louisiana businesses.  His Affidavit clearly indicates that he resides in Texas, and this contention is undisputed.  [Morrison Affidavit, ¶ 3].

Further, Apache argues that Morrison is still registered to vote in Louisiana, which shows that he intends to remain there.  However, Benedict's Declaration shows that Morrison has not voted in Louisiana since 2012.  [Benedict Decl., Exhibit 2].  Additionally, Morrison's Affidavit indicates that he intended to register to vote in Texas by the end of February, 2016.  [Morrison Affidavit, ¶ 8]. Thus, this factor is not dispositive of the domicile issue.

After considering the evidence and the *Coury* factors, the undersigned finds that Morrison is domiciled in Texas for diversity purposes.  He indicates that he pays taxes, owns real and personal property, intends to obtain a driver's license, belongs to a club, has places of business or employment, and has maintained a home there for over a year.  *Coury*, 85 F.3d at 251.  Most significantly, he has sworn, under oath, that he intends to remain in Texas.

Federal courts are courts of limited jurisdiction.  *Howery v. Allstate*

*Insurance Company*, 243 F.3d 912, 916 (5ᵗʰ Cir. 2001); *Montgomery v. State Farm Fire & Cas. Co.*, 2008 WL 1733594, *1 (W.D. La. April 14, 2008).  The burden of establishing subject matter jurisdiction rests with the party seeking to invoke it. *Howery*, 243 F.3d at 916.  Failure adequately to allege the basis for diversity jurisdiction mandates dismissal.  *Stafford*, 945 F.2d at 805.

Here, the undersigned finds that Apache has failed to meet its burden of establishing that diversity jurisdiction exists.  Thus, dismissal is required.

### III. Conclusion

Based on the foregoing reasons, the undersigned recommends that the Motion to Dismiss the Complaint [rec. doc. 5], and the Motion to Dismiss the Amended Complaint [rec. doc. 23] filed by defendant, Belle Isle, L.L.C., be **GRANTED**, and that this case be **DISMISSED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Signed this 17th day of June, 2016, at Lafayette, Louisiana.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**

11