UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| APACHE CORP. | CIVIL ACTION NO. 16-111 |
| VERSUS | JUDGE ROBERT G. JAMES |
| BELLE ISLE LLC. | MAG. JUDGE CAROL B. WHITEHURST |

**RULING**

Plaintiff Apache Corporation ("Apache") filed the instant Complaint for Declaratory Judgment [Doc. No. 1] against Defendant Belle Isle, L.L.C. ("Belle Isle") seeking a declaratory judgment that Apache has not breached a settlement agreement entered into with Belle Isle regarding property located in St. Mary Parish, Louisiana.

Pending before the court is a Report and Recommendation ("R&R") [Doc. No. 46] issued by Magistrate Judge Whitehurst on a Motion to Dismiss, or in the Alternative, to Stay, and a Motion to Dismiss Amended Complaint [Doc. Nos. 5 & 23], both filed by Belle Isle. Magistrate Judge Whitehurst recommends granting both motions and dismissing this case for lack of subject matter jurisdiction. Apache filed objections. [Doc. No. 47]. Belle Isle filed a response to those objections. [Doc. No. 49]. Apache then filed a reply in further support of the objections. [Doc. No. 52].

After a *de novo* review, the Court finds Magistrate Judge Whitehurst correctly stated and applied the law. The Court hereby ADOPTS her Report and Recommendation. The Court issues this Ruling to address Apache's objections to the Report and Recommendation.

First, Apache objects to Magistrate Judge Whitehurst's analysis of its homestead exemption argument. Magistrate Judge Whitehurst rejected the argument because she was not persuaded that, at the time this suit was filed, Morrison claimed a homestead exemption in Louisiana. Apache

indicates that this was error because Morrison continues to claim the Louisiana homestead exemption. But, to the extent this was error on Magistrate Judge Whitehurst's part, it was harmless. Even if Morrison continues to claim the Louisiana homestead exemption, it is but one element of the analysis. It is not so important as to change the ultimate outcome. *See Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996) (noting that, in determining domicile, the court must address variety of factors; no single factor is determinative). Here, there were a number of factors indicating a Texas domicile. The objective evidence, coupled with Morrison's subjective declaration that he intended to remain in Texas indefinitely, is more than enough to find that Morrison was domiciled in Texas at the time of suit.

Second, Apache seems to insist that Morrison's status as agent for service of process for multiple Louisiana companies is dispositive. The Court disagrees. While it is a factor which Magistrate Judge Whitehurst considered, Apache cites no case for the proposition that Morrison's status should be determinative of his domicile. This fact was considered along with a whole host of other factors. Ultimately, Magistrate Judge Whitehurst concluded–correctly–that Belle Isle had shown that Morrison changed his domicile to Texas for purposes of diversity jurisdiction.

Third, Apache complains that Magistrate Judge Whitehurst gave excessive weight to Morrison's declaration in which he declared that he intended to remain in Texas indefinitely. Citing *Coury*, Apache claims that when the plaintiff's testimony on intent conflicts with *any* contrary evidence, it is to be given little or no weight. The Court does not read *Coury* so broadly.

In *Coury*, the plaintiff, a citizen of California, had sued the defendant, a dual citizen of the United States and France. *See Coury*, 85 F.3d at 247. However, an American national living abroad cannot sue or be sued in federal court under diversity jurisdiction unless the party is domiciled in a

2

particular state. At issue in the case was whether the defendant had established a new domicile in France, or, instead, had retained his Texas domicile, thus conferring the federal court with diversity jurisdiction. *Id*. The defendant initially averred that he was domiciled in France. *Id*. at 251. However, he recanted this testimony on multiple occasions. *Id.* The federal court found that the defendant's testimony as to his French domicile was entitled to little weight because he had given the court reason to doubt his credibility. Accordingly, the court held that the defendant failed to show that he had indeed changed domiciles. In so ruling, the court cited black letter law which states that a subjective declaration of intent will be afforded little weight when it conflicts with the objective evidence. *Id*.

In this case, as opposed to *Coury*, Morrison has not recanted his testimony; thus, the Court need not completely dismiss it. Where the proponent of a changed domicile offers subjective evidence, the issue is whether there are grounds to doubt the veracity of the testimony. And in this case, the objective evidence–conflicting as it is–does not so undercut Morrison's testimony as to completely discredit his subjective declaration of intent. Thus, Magistrate Judge Whitehurst correctly considered the affidavit *as a factor* in favor of a Texas domicile.

Next, Apache contends that Magistrate Judge Whitehurst inappropriately considered Morrison's statements in his affidavits that he was "scheduled to obtain a Texas drivers [sic] license and a Texas voter registration by the end of February 2016." According to Apache, these statements did not support the Magistrate Judge's conclusion because there was no evidence in the record showing that either of those intentions came to fruition. Again, to the extent Magistrate Judge Whitehurst considered intentions that did not come to pass, the error is harmless. The evidence, viewed in its entirety, readily supports the ultimate conclusion that Morrison was domiciled in Texas

at the time of suit.

Finally, Apache lists evidence that the Report and Recommendation failed to mention, or discounts, which could weigh against a Texas domicile including (1) the fact that Morrison has a Louisiana residence on which he pays taxes; (2) the fact that Morrison has a vehicle registered in Louisiana; (3) the fact that Morrison continues to claim a Louisiana homestead exemption; (4) the fact that Morrison is a principal in a large number of Louisiana companies; and (5) the fact that Morrison is still listed as the registered agent to receive service of process for multiple Louisiana companies.

This argument is essentially a rehash of previously made arguments. To the extent Magistrate Judge Whitehurst did not explicitly spell out all of Apache's arguments and evidence, the error, in effect, is harmless because this Court conducts a *de novo* review. On balance, the Court finds that there is plenty of objective and subjective evidence is sufficient to find that Morrison is domiciled in Texas.

Accordingly, for the foregoing reasons, and for the reasons set forth in Magistrate Judge Whitehurst's Report and Recommendation, Belle Isle's Motion to Dismiss the Complaint and Motion to Dismiss the Amended Complaint are GRANTED. Apache's Complaint for a Declaratory Judgment is DISMISSED WITHOUT PREJUDICE.

MONROE, LOUISIANA, this 19th day of August, 2016.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE